[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In their application for discharge of a mechanic's lien filed by a subcontractor on real property of the plaintiffs, the plaintiffs claim that the lien is invalid because: (a) the defendant executed a waiver and relinquishment of all liens and claims against the real property; and (b) the lien does not contain a written oath that has been subscribed to by the defendant.
The burden of proof of establishing probable cause to sustain the validity of a mechanic's lien is on the lienor. Connecticut General Statutes § 49-35b. The defendant-lienor, a lumber supplier, executed a document in which it "waived and relinquished, and do hereby waive and relinquish" all claims upon the plaintiff's described real estate. The waiver is for "work done or to be done and materials furnished or to be furnished" in the erection, construction or repair of buildings on the premises. It further states that "any and all signatures hereto are for all services rendered, work performed and material furnished, heretofore and hereafter, . . . ."
It is clear that the defendant executed a full relinquishment of all liens. Such a practice is common and necessary in the building industry to allow builders, owners and banks to complete financing, and it is important that they be entitled to rely upon written waivers in connection therewith. The purpose, meaning and intent of the written waiver in this case is clear on its face. CT Page 6165 The court does not credit the testimony of the defendant's witness, Mr. Myron, that there was an oral agreement made at the time of the delivery of the waiver, that the builder, Wright Brothers, Inc., was accepting the waiver in a limited fashion, to apply only to the work done to date that was represented by the amount of the check issued. To allow parol evidence to contradict the clear meaning of the words contained in the waiver would destroy the right of interested parties to rely upon the written word, and would be to invite havoc in the industry.
The parol evidence rule is not a rule of evidence, but a rule of substantive contract law. Damora v. Christ-Janner,184 Conn. 109, 441 A.2d 61 (1981). Thus, even if parol evidence is improperly admitted, it is ineffective to vary the written contract because it cannot legally affect the rights of the parties. Ruscito v. F. Dyne Electric Co., 177 Conn. 149, 150,411 A.2d 1371 (1979). If the defendant had wished to limit the effect of the waiver of lien executed, it could easily have done so by expressing the limitation on the document itself.
The court finds that the defendant waived and relinquished his rights to file a mechanic's lien on property of the plaintiff, and therefore it is not necessary to consider the second claim of the plaintiff that the lien was invalid because it failed to contain a written oath.
The plaintiff's application is granted and the mechanic's lien filed against the property by Stevenson Millwork, Inc., is discharged.
So Ordered.
D'ANDREA, J. CT Page 6166